UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HENRY WHITEHEAD III,

                              Plaintiff,

        v.                                              5:25-CV-485
                                                       (DNH/DJS)

NEW YORK STATE, *et al.*,

                              Defendants.
_____

**APPEARANCES:**

HENRY WHITEHEAD III
Plaintiff, *Pro Se*

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

      The Clerk has forwarded for review what has been docketed as a civil complaint filed by Plaintiff. Dkt. No. 1, Compl. Plaintiff commenced this action on April 18, 2025, *see* Dkt. No. 1, and filed an Amended Complaint one week later. Dkt. No. 12, Am. Compl. Plaintiff has not paid the filing fee but has submitted an application to proceed *in forma pauperis* ("IFP"), Dkt. No. 2, which the Court has granted. The Amended Complaint is now before this Court for review under 28 U.S.C. § 1915. Plaintiff has also filed a request for electronic notification of Court actions and an application for emergency relief regarding his minor children. Dkt. Nos. 4 & 6.

# I. SUFFICIENCY OF THE COMPLAINT

## A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]  Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*.  *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate *pro se* prisoner complaints).

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.*

at 679 (quoting FED. R. CIV. P. 8(a)(2)).  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Id.* (internal quotation marks and alterations omitted).

### B. Factual Allegations

The allegations in the Amended Complaint are brief.  With respect to several of the events and individuals identified, Plaintiff has not provided much, if any, detail about the specifics of those events or the particular actions taken by individuals named as Defendants.  The gravamen of the Amended Complaint relates to a dispute regarding allegations of sexual abuse Plaintiff alleges his children made against their mother.  Am. Compl. at p. 4.  The Amended Complaint then discusses Plaintiff's apparent efforts to address those allegations within the court system and with other individuals.  *Id.* at pp. 4-7.

### C. Analysis of the Complaint

#### *1. Eleventh Amendment Immunity*

The Amended Complaint identifies New York State as a Defendant.  Am. Compl. at p. 1.  The precise basis for doing so is unclear, but irrelevant here because the State is clearly not a proper party in an action under section 1983.  "Because of the Eleventh Amendment, States may not be sued in federal court unless they consent to it in

unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Green v. Mansour*, 474 U.S. 64, 68 (1985). Neither condition is met here since it is clear that New York has not consented to be sued in federal court and Congress has not abrogated that immunity. *Aron v. Becker*, 48 F. Supp. 3d 347, 366 (N.D.N.Y. 2014) (citing cases). Any claim against the State, therefore, should be dismissed.

### 2. Municipal Defendants

The Amended Complaint names the Jefferson County Department of Social Services and Watertown Police Department as Defendants. Am. Compl. at p. 2. Claims against these Defendants should be dismissed.

In *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691 (1978), the Supreme Court found that "the language of § 1983, read against the background of the . . . legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." Courts apply "rigorous standards of culpability and causation" to ensure that the municipality is not held liable solely for the actions of its employees. *Jeffes v. Barnes*, 208 F.3d 49, 61 (2d Cir. 2000) (quoting *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 405 (1997)). Thus, in order for an individual whose constitutional rights have been violated to have recourse against a municipality under § 1983, he must show that he was harmed by a municipal "policy" or "custom." *Monell v. Dep't of Soc.*

*Servs. of the City of N.Y.*, 436 U.S. at 690-91. A "policy" or "custom" cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the State. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 831 (1985) (Brennan, J., concurring in part and concurring in the judgment) ("To infer the existence of a city policy from the isolated misconduct of a single, low-level officer, and then to hold the city liable on the basis of that policy, would amount to permitting precisely the theory of strict respondeat superior liability rejected in *Monell*").

Here, however, the Amended Complaint identifies no unconstitutional policy on the part of either municipal Defendant. That omission is fatal, at this juncture, to Plaintiff's Complaint. *Arnold v. Town of Camillus, New York*, 662 F. Supp. 3d 245, 259 (N.D.N.Y. 2023) ("Plaintiff has not identified any formal town policy that has deprived [him] of equal protection."); *Beckwith v. City of Syracuse*, 642 F. Supp. 3d 283, 293 (N.D.N.Y. 2022) (dismissal required when complaint "does not allege the existence of any policy, practice, or custom from which [plaintiff's] alleged constitutional violation resulted.").

Dismissal of these particular Defendants is also required because *Monell* liability applies to a municipality, not the agencies of that municipality. "A city police department is not an independent, suable entity separate from the municipality in which the police department is organized." *Krug v. Cnty. of Rensselaer*, 559 F. Supp. 2d 223, 247 (N.D.N.Y. 2008). As a result, Plaintiff's claim against the Watertown Police Department

must be dismissed. The same is true of the Jefferson County Department of Social Services. *Mulvihill v. New York*, 956 F. Supp. 2d 425, 427 (W.D.N.Y. 2013).

Claims against the municipal entities, therefore, should be dismissed.

### 3. Judicial Immunity

The Amended Complaint names three judges as Defendants. Am. Compl. at p. 2.

The Second Circuit has held that "absolute immunity is appropriate for judges in the exercise of their judicial function." *Tulloch v. Coughlin*, 50 F.3d 114, 116 (2d Cir. 1995) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Fields v. Soloff*, 920 F.2d 1114, 1119 (2d Cir. 1990)). Judicial immunity is overcome in only two circumstances: (1) where the actions were not taken in their judicial capacity and (2) where the actions, though judicial in nature, were taken in complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citing *Forrester v. White*, 484 U.S. 219, 227-29, 356-57 (1988); *Stump v. Sparkman*, 435 U.S. 349, 360 (1978); *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)).

The proper analysis for determining whether judicial immunity has been overcome is to address the "nature of the act" rather than the "impropriety of the act" to protect judges from being deprived of immunity simply because they made an error or unintentionally exceeded their authority. *See Mireles v. Waco*, 502 U.S. at 12-13. If the nature of the act is "a function normally performed by a judge," the judge is acting within his judicial capacity. *Id.* at 12. Furthermore, "the scope of the judge's jurisdiction must

be construed broadly…[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Zeigler v. New York*, 948 F.Supp.2d 271, 282-83 (N.D.N.Y. 2013) (internal quotation marks omitted) (quoting *Stump v. Sparkman*, 435 U.S. at 356); *accord Gross v. Rell*, 585 F.3d 72, 85 (2d Cir. 2009) (holding that where there is an issue of judicial immunity, jurisdiction must be construed broadly). The bar to overcome judicial immunity is high. Accordingly, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. at 359; *see also Bradley v. Fisher*, 80 U.S. at 357 (holding that even if a judge acts erroneously – which may affect the validity of the exercise of jurisdiction – the error does not make the act any less judicial and the judge is still immune from damages). The scant allegations in the Amended Complaint do nothing to overcome judicial immunity here. The Amended Complaint makes only brief reference to actions taken by judges during, what appears to be, the course of judicial proceedings. Am. Compl. at p. 4. Those actions clearly are the type of conduct covered by judicial immunity.

The Court, therefore, recommends that the Amended Complaint be dismissed as to the parties identified as judges.

*4. State Action*

The Amended Complaint specifically asserts claims under 42 U.S.C. § 1983. Am. Compl. at 3. Any claim under section 1983 requires state action. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, *FA*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). "A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003). "State action requires both the exercise of some right or privilege created by the State and the involvement of a person who may fairly be said to be a state actor." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quoting *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d at 186) (internal quotations and alterations omitted). As to a number of the individuals sued in this action, state action is either clearly lacking or not alleged at all.

Defendant Young is identified as Plaintiff's court-appointed attorney. Am. Compl. at p. 4. Under existing caselaw "it is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) (citing cases). "Additionally . . . guardians *ad litem*, although appointed by the court, exercise independent professional judgment in the

interests of the clients they represent and are therefore not state actors for purposes of Section 1983." *Elmasri v. England*, 111 F. Supp. 2d 212, 221 (E.D.N.Y. 2000); *see also Parent v. New York*, 786 F. Supp. 2d 516, 538 (N.D.N.Y. 2011). Defendant Poplaski is identified in the Amended Complaint as a guardian ad litem. Am. Compl. at p. 4. Defendant Otis is identified as the "children's lawyer," *id.* at p. 5, though the pleading does not indicate whether he was appointed to act in that capacity or privately retained. The distinction would not matter since a privately retained attorney also is not a state actor. *Pappas v. Lorintz*, 832 F. App'x 8, 13 (2d Cir. 2020).

Claims against Defendants Young, Poplaski, and Otis therefore, should be dismissed based on the lack of state action.

Several other Defendants are named in this action who do not appear to have any connection to the government at all. Defendant Phillips is alleged to be Plaintiff's sister who "falsely reported" to police that Plaintiff was dangerous. Am. Compl. at p. 4. "A private citizen who files a police report, true or false, is not acting under color of state law, and cannot be held liable for any subsequent alleged constitutional violations by the police." *Armatas v. Maroulleti*, 2010 WL 4340437, at *17 (E.D.N.Y. Oct. 19, 2010). Defendant Ives is alleged only to have been part of a private land transaction, with no apparent connection to state authority. Am. Compl. at pp. 5-6. Plaintiff has also sued two other individuals, identified by first name only, Judy and Natasha, who are alleged to work for the Resolution Center. Am. Compl. at p. 5. Plaintiff has made no allegation to

establish his burden that any of these individuals are state actors. *Omnipoint Commc'ns Inc. v. Comi*, 233 F. Supp. 2d 388, 394 (N.D.N.Y. 2002)

### *5. Defendants Brotherton and Munson*

Finally, the Court notes that while named as Defendants, the Amended Complaint makes no factual allegations at all against Defendants Brotherton and Munson. As such, there is no basis for permitting claims to proceed as against those individuals. See FED. R. CIV. P. 8(a)(2) (requiring the complaint to provide a "short and plain statement of the claim").

For these reasons, the Amended Complaint is clearly subject to dismissal. "[A] court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). Accordingly, the Court recommends that the Complaint be dismissed, but that Plaintiff be afforded an opportunity to amend.

The Court advises Plaintiff that should he be permitted to amend his Complaint, any amended pleading she submits must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus,

- 11 -

if Plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date, including the year, on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff is further cautioned that no portion of his prior Complaint shall be incorporated into his amended complaint by reference. Any amended complaint submitted by Plaintiff must set forth all of the claims he intends to assert against the defendants and must demonstrate that a case or controversy exists between the Plaintiff and the defendants which Plaintiff has a legal right to pursue and over which this Court has jurisdiction. If Plaintiff is alleging that the named defendant violated a law, he should specifically refer to such law.

## II. OTHER PROCEDURAL MATTERS

Two other motions are pending in this action. One is a request to receive electronic notification, via e-mail, of all court actions. Dkt. No. 4. The stated basis for this request is Plaintiff's status as a homeless individual. *Id.* The Local Rules of this Court specifically require a pro se party to provide an address for mailing. L.R. 10.1(c)(2). This

information is essential for communicating with the party during the course of litigation. Solely for purposes of providing notice of this decision, the pending Motion is granted in part and the Clerk is directed to provide a copy of this Report-Recommendation to Plaintiff at the e-mail address he has provided to the Court. However, Plaintiff is ordered to provide an address at which Plaintiff may receive mail within twenty (20) days of the date of this Order.

Also pending is an Emergency Motion for Immediate Protective Relief for Minor Children. Dkt. No. 6. The Court recommends that this Motion be denied. First, for the reasons outlined above, Plaintiff's Amended Complaint is subject to dismissal and so he has not established that he is entitled to any relief from this Court. Moreover, under the traditional domestic relations exception to a federal court's exercise of jurisdiction, the type of relief sought by Plaintiff regarding a custody decree is outside this Court's jurisdiction. *See*, e.g., *Sykes v. Bank of Am.*, 723 F.3d 399, 404 (2d Cir. 2013).

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend**; and it is further

**RECOMMENDED**, that Plaintiff's Emergency Motion be **DENIED**; and it is

**ORDERED**, that Plaintiff's Motion for Electronic Notice be **GRANTED IN PART** and that this Report-Recommendation be served by email, but that Plaintiff

provide the Court with an address for purposes of mailing further correspondence within 20 days of the date of the Order; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: May 8, 2025
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).