**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

HENRY WHITEHEAD III,

                              Plaintiff,

                                                          5:25-CV-485
            v.                                            (DNH/DJS)

NEW YORK STATE, *et al.*,

                              Defendants.

**APPEARANCES:**

HENRY WHITEHEAD III
Plaintiff, *Pro Se*
Watertown, New York 13601

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

On May 8, 2025, the undersigned issued a Report-Recommendation recommending that the Amended Complaint filed by Plaintiff be dismissed with leave to amend pursuant to 28 U.S.C. § 1915. Dkt. No. 8, Report-Recommendation. Plaintiff filed an objection to the Report-Recommendation, Dkt. No. 9, and then, before the District Court had had the opportunity to address the Report-Recommendation or Plaintiff's objection, Plaintiff filed a Second Amended Complaint. Dkt. No. 10, Sec. Am.

Compl. Judge Hurd has referred the Second Amended Complaint for review.  Dkt. No. 12.

<h1 style="text-align:center">I. SUFFICIENCY OF THE COMPLAINT</h1>

<h2 style="text-align:center">A. Governing Legal Standard</h2>

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[1]  Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*.  *See id.*

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir.

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

- 2 -

1983) (internal citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).  Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

## B. Factual Allegations

As noted in the initial Report-Recommendation, the allegations in this case concern sexual abuse claims purportedly made by Plaintiff's children against their mother.  Report-Recommendation at p. 4; Sec. Am. Compl. at ¶ 8.  Plaintiff makes certain allegations regarding the handling of Family Court proceedings by the presiding judge. Sec. Am. Compl. at ¶¶ 9-11A.  He also alleges that on November 6, 2023 two unidentified officers with the Watertown Police Department detained him and had him committed for mental health reasons based solely on a false report by a family member.  *Id.* at ¶¶ 13-14. Records attached to the Second Amended Complaint demonstrate that Plaintiff was brought to Samaritan Medical Center by Watertown Police pursuant to New York Mental Hygiene Law.  *Id.* at p. 16.

## C. Analysis of the Complaint

### *1. Fourth Amendment Claim*

Plaintiff's first claim is that Defendants John Doe 1 and John Doe 2 detained him without probable cause in violation of the Fourth Amendment and brought him to a hospital for mental health evaluation.  Sec. Am. Compl. at ¶ 14 & "Count I."

In this context, "[t]he Fourth Amendment requires an official seizing and detaining a person for a psychiatric evaluation to have probable cause to believe that the person is dangerous to himself or others."  *Hoffman v. Cnty. of Delaware*, 41 F. Supp. 2d 195, 209 (N.D.N.Y. 1999), *aff'd*, 205 F.3d 1323 (2d Cir. 2000) (quoting *Monday v. Oullette*, 118

- 4 -

F.3d 1099, 1102 (6th Cir. 1997)).    "Probable cause exists for an involuntary hospitalization if there are reasonable grounds for believing that the person seized is dangerous to herself or to others." *Bryant v. Steele*, 462 F. Supp. 3d 249, 260 (E.D.N.Y. 2020), *aff'd sub nom. Bryant v. Iheanacho*, 859 F. App'x 604 (2d Cir. 2021).

The basis for Plaintiff's claim here appears to be that police officials improperly relied on claims from Defendant Philipps that Plaintiff was armed and dangerous.  Sec. Am. Compl. at ¶ 13.  He thus claims that his detention was without probable cause.  *Id.* Plaintiff offers a conclusory assertion that Defendant Phillips was conspiring against him in alleging that her claim against him was false, but the allegations offer no basis at all to suggest that the individual police officers had any reason to know her reports might be false.  "In the context of [New York's Mental Hygiene Law], reports that an individual has threatened others or acted aggressively can be sufficient to support a finding of probable cause." *Jones v. New York*, 2019 WL 4640151, at *6 (S.D.N.Y. Sept. 24, 2019) (citing cases).    The medical records provided with Second Amended Complaint demonstrate that Plaintiff's medical condition when he was brought to the emergency department may have provided a basis for conduct of the police.  *Id.* at pp. 9-10.  In light of the pleadings, Plaintiff's purely conclusory assertions of a conspiracy and false reports do not establish a Fourth Amendment claim and the Court recommend that it be dismissed.

*2. Municipal Defendants*

The Amended Complaint names Jefferson County and the City of Watertown as Defendants.  Sec. Am. Compl. at p. 1.  Claims against these Defendants should be dismissed.

In *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691 (1978), the Supreme Court found that "the language of § 1983, read against the background of the . . . legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." Courts apply "rigorous standards of culpability and causation" to ensure that the municipality is not held liable solely for the actions of its employees. *Jeffes v. Barnes*, 208 F.3d 49, 61 (2d Cir. 2000) (quoting *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 405 (1997)).  Thus, in order for an individual whose constitutional rights have been violated to have recourse against a municipality under § 1983, he must show that he was harmed by a municipal "policy" or "custom."  *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. at 690-91.  A "policy" or "custom" cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the State.  *See Oklahoma City v. Tuttle*, 471 U.S. 808, 831 (1985) (Brennan, J., concurring in part and concurring in the judgment) ("To infer the existence of a city policy from the isolated misconduct of a single, low-level officer, and then to hold the city liable on the

basis of that policy, would amount to permitting precisely the theory of strict respondeat superior liability rejected in *Monell*").

The Second Amended Complaint asserts a municipal liability claim against Jefferson County alleging that it "failed to train and supervise judicial officers." Sec. Am. Compl. at "Count II." As the Court noted in the previous Report-Recommendation, however, the failure of Plaintiff to articulate an allegedly unconstitutional policy on the part of Defendant is fatal to his claim. Report-Recommendation at p. 6 (citing cases). The Second Amended Complaint offers no further clarification of Plaintiff's failure to train claim beyond his conclusory assertions. *See* Sec. Am. Compl. at "Count II." Nor, in fact, has Plaintiff even established that Jefferson County is responsible for the training and supervision of the court staff involved in this case. In New York, "the local justice courts and courts of the 5th Judicial District are supervised by the Deputy Chief Administrative Judge for the Courts outside New York City, rather than by the municipality in which they sit." *Burdick v. Oswego Cnty., NY*, 2015 WL 6554515, at *5 (N.D.N.Y. Oct. 29, 2015).[2]

Plaintiff also seeks to pursue a *Monell* claim against the City of Watertown because it "enabled or failed to prevent unlawful detentions, denial of self-representation, and suppression of investigative access through customs and practices." Sec. Am. Compl. at

---

[2]  Jefferson County is located in New York's Fifth Judicial District. https://ww2.nycourts.gov/courts/5jd/jefferson/index.shtml.

"Count IV." "[M]ere allegations of a municipal custom or practice of tolerating official misconduct are insufficient to demonstrate the existence of such a custom unless supported by factual details." *Triano v. Town of Harrison, NY*, 895 F. Supp. 2d 526, 535 (S.D.N.Y. 2012) (collecting cases); *see also Flannery v. Cnty. of Niagara*, 763 F. Supp. 3d 364, 420 (W.D.N.Y. 2025).

Claims against the municipal entities, therefore, should be dismissed.

### 3. Judicial Claims

The Second Amended Complaint's recitation of the parties does not identify any judicial officer as a Defendant.    Sec. Am. Compl. at p. 1.    The factual allegations, however, allege that Judge Renzi violated Plaintiff's First Amendment rights by improperly excluding Plaintiff from the courtroom.  Sec. Am. Compl. at ¶ 11A.

As noted in the prior Report-Recommendation "[t]he Second Circuit has held that 'absolute immunity is appropriate for judges in the exercise of their judicial function.'" Report-Recommendation at p. 7 (quoting *Tulloch v. Coughlin*, 50 F.3d 114, 116 (2d Cir. 1995)).  In evaluating judicial conduct, the proper analysis is to address the nature of the conduct alleged to be improper.  *See Mireles v. Waco*, 502 U.S. 9, 12-13 (1991).  The act of ordering a person removed from a courtroom "was a function typically performed by a judge in his judicial capacity and in relation to an individual case." *Shtrauch v. Dowd*, 651 F. App'x 72, 74 (2d Cir. 2016).  The alleged act of doing so, therefore, is protected

by immunity and the claim against Judge Renzi should be dismissed. *Id.*; *see also Jacobs v. Ali*, 2021 WL 12147769, at *5 (E.D.N.Y. June 22, 2021) (citing cases).

### 4. Defendant Phillips

The Second Amended Complaint specifically asserts a claim under 42 U.S.C. § 1985 against Phillips relating to an allegedly false report she made to police that resulted in Plaintiff's detention. Sec. Am. Compl. at ¶ 13 & Count V. The prior Report-Recommendation recommended that claims against Defendant Phillips be dismissed based on a lack of state action. Report-Recommendation at p. 10. Any "claim under § 1985(3) for conspiracy to deny equal protection in violation of the Fourteenth Amendment is not actionable in the absence of state action." *Edmond v. Hartford Ins. Co.*, 27 F. App'x 51, 53 (2d Cir. 2001). As was previously noted, "[a] private citizen who files a police report, true or false, is not acting under color of state law, and cannot be held liable for any subsequent alleged constitutional violations by the police." *Armatas v. Maroulleti*, 2010 WL 4340437, at *17 (E.D.N.Y. Oct. 19, 2010). The sole allegation against Phillips is that she made a false police report – that claim is insufficient to establish liability. The amendment offered by Plaintiff merely asserts now that Phillips conspired with unnamed "public officials" to violate Plaintiff's rights. Sec. Am. Compl. at Count V. This entirely conclusory assertion is insufficient to establish state action. *Parent v. New York*, 786 F. Supp. 2d 516, 539 (N.D.N.Y. 2011), *aff'd*, 485 F. App'x 500 (2d Cir.

2012); *Burke v. APT Found.*, 509 F. Supp. 2d 169, 174 (D. Conn. 2007) and the Court again recommends dismissal of the claim as to her.

### 5. Recommendation

For these reasons, the Amended Complaint is clearly subject to dismissal.[3] "[A] court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). However, "a dismissal with prejudice is generally appropriate where a court puts a plaintiff on notice of a complaint's deficiencies and the plaintiff fails to correct those deficiencies after amendment." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 2009 WL 3346674, at *2 (S.D.N.Y. Oct. 15, 2009) (citing cases). Here, Plaintiff was provided a prior opportunity to amend. Dkt. No. 14. Given the particular nature of the pleadings in this case, "[t]here is no basis to believe that granting leave to amend a second time would induce the plaintiff to add the kind of allegations needed to establish a facially-plausible claim when she took no steps to do so with [the] first opportunity to amend." *Driessen v. Royal Bank Int'l*, 2015 WL 1245575, at *2 (D.

---

[3] As a result, Plaintiff's various requests for some form of injunctive relief should likewise be denied.

Conn. Mar. 18, 2015) (citing cases).  Under the circumstances presented here, the Court recommends that the Amended Complaint be dismissed with prejudice.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Second Amended Complaint be **DISMISSED with prejudice**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[4] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated:  July 28, 2025
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. **CIV**. P. 6(a)(1)(C).