UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HENRY WHITEHEAD III,

        Plaintiff,

      -v-                        5:25-CV-485

NEW YORK STATE, et al.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

HENRY WHITEHEAD III
968 Bradley St.
PMB123
Watertown, NY 13601

DAVID N. HURD
United States District Judge

# ORDER ON REPORT & RECOMMENDATION

On April 18, 2025, plaintiff Henry Whitehead III ("plaintiff"), acting *pro se*, commenced an action against defendants Judge James K. Eby, Jefferson County Department Of Social Services, Judy, Natasha, Judge Anthony Neddo, New York State, Sara Nicole Phillips, Jason Poplaski, Judge Eugene Renzi, Watertown Police Department, and Lydia Young pursuant to 42 U.S.C. § 1983 ("§ 1983"), for violations of his constitutional rights and seeking

federal intervention in a state court proceeding where plaintiff alleges his parental rights were removed without due process and that there has been a failure to investigate serious allegations of sexual abuse towards plaintiff's children.  Dkt. No. 1.  Plaintiff also sought to proceed *in forma pauperis* ("IFP Application"), which was granted.  Dkt. Nos. 2, 7.  On April 25, 2025, plaintiff filed an amended complaint against the same defendants.  Dkt. No. 5.  Soon thereafter, on May 1, 2025, plaintiff filed an emergency motion seeking immediate protective relief for his minor children.  Dkt. No. 6.

On May 8, 2025, U.S. Magistrate Judge Daniel Stewart conducted a sufficiency review of plaintiff's amended complaint[1] pursuant to 28 U.S.C. § 1915(e) and 1915A, Dkt. No. 5, and advised by Report & Recommendation ("R&R") that plaintiff's: (1) § 1983 claims against defendant New York State are barred by the Eleventh Amendment; (2) § 1983 claims against municipal defendants Jefferson County Department of Social Services and Watertown Police Department fail to identify any unconstitutional policies or practices that harmed him; (3) § 1983 claims against the three defendants identified as judges are barred by the doctrine of judicial immunity; (4) § 1983 claims against defendants Phillips, Young, Poplaski, and Otis fail because they are not state actors; (5) claims against defendants Brotherton and Munson are

---

[1] Judge Stewart's R&R refers to plaintiff's first amended complaint as being filed as Dkt. No. 12, however, upon review, it was actually filed as Dkt. No. 5.

- 2 -

entirely devoid of factual allegations and should be dismissed.  Accordingly, Judge Stewart advised that plaintiff's complaint be dismissed with leave to amend.  *Id.*  Judge Stewart further recommended that plaintiff's emergency motion seeking protective relief for his minor children, Dkt. No. 6, be denied.  *Id.*

On May 12, 2025, plaintiff objected to Judge Stewart's R&R.  Dkt. No. 9.  That same day, and before this Court had an opportunity to address either Judge Stewart's R&R or plaintiff's objection, plaintiff filed a second amended complaint, along with an emergency motion seeking a preliminary injunction.  Dkt. Nos. 10–11.  On May 14, 2025, this Court referred plaintiff's objection, second amended complaint, and emergency motion to Judge Stewart to conduct an additional sufficiency review pursuant to 28 U.S.C. §§ 1915(e) and 1915A.  Dkt. No. 12.  On June 27, 2025, plaintiff filed a motion to expedite the review and ruling on his pending filings.  Dkt. No. 14.

On July 28, 2025, Judge Stewart conducted a sufficiency review of plaintiff's second amended complaint.  Dkt. No. 16.  Judge Stewart advised by R&R that plaintiff's: (1) Fourth Amendment claims against defendants John Doe 1 and John Does 2 are wholly conclusory and should be dismissed; (2) § 1983 claims against municipal defendants Jefferson County Department of Social Services and Watertown Police Department should be dismissed for failing to identify any unconstitutional policies or practices that harmed him;

(3) § 1983 claims against judicial defendants are barred by the doctrine of judicial immunity; and (4) 42 U.S.C. § 1985 claims against defendant Phillips should be denied for lack of state action.  Dkt. No. 16.  Accordingly, Judge Stewart recommended that plaintiff's second amended complaint be dismissed with prejudice.  *Id*.  Plaintiff has not filed any objections and the deadline to do so has passed.  *Id*.

Upon review for clear error, Judge Stewart's R&R is accepted and will be adopted in all respects.[2]  *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 16) is ACCEPTED and ADOPTED in all respects;

2. Plaintiff's second amended complaint (Dkt. No. 10) is DISMISSED with prejudice.

3. The Clerk is directed serve a copy of this Order on plaintiff by regular mail.

4. The Clerk is further directed to terminate all pending motions (Dkt. Nos. 6, 8, 11, 14, 16), enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

---

[2] In addition, given that plaintiff's Second Amended Complaint will be dismissed with prejudice, all other pending filings are rendered moot and will be dismissed.  Dkt. Nos. 6, 8, 11, 14, 16.

- 5 -

*[Signature]*
David N. Hurd
U.S. District Judge

Dated: August 18, 2025
       Utica, New York.